## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tiffany Taylor, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PepsiCo, Inc. and PAI Partners, Inc.,<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tiffany Taylor ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant PepsiCo, Inc. and PAI Partners, Inc. ("Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on her personal knowledge.

### NATURE OF THE ACTION

1.     Defendants formulate, manufacture, advertise, and sell "IZZE" sparkling juice products (the "Products")[1] throughout the United States, including in New York.  Defendants

---

[1] The Products encompass all of Defendants' canned and bottled sparkling juices that contain "citric acid" and/or "ascorbic acid," including (1) Sparkling Blackberry cans (citric acid and ascorbic acid), Sparkling Blackberry bottles (citric acid); (2) Sparkling Grapefruit cans (citric acid and ascorbic acid), Sparkling Grapefruit bottles (citric acid); (3) Sparkling Clementine cans (citric acid and ascorbic acid), Sparkling Clementine bottles (citric acid); (4) Sparkling Pomegranate cans (citric acid and ascorbic acid), Sparkling Pomegranate bottles (citric acid); (5) Sparkling Apple cans (citric acid and ascorbic acid), Sparkling Apple bottles (citric acid); (6) Sparkling Peach cans (citric acid), Sparkling Peach bottles (citric acid); (7) Sparkling Blackberry Lemonade cans (citric acid).

market their Products in a systematically misleading manner by misrepresenting that their

Products do not contain preservatives.

2.      Because Defendant's sales are driven by health-conscious consumers seeking

products that are free from preservatives, Defendants prominently display on the front label of

their Products that they contain "NO PRESERVATIVES." Unbeknownst to consumers,

however, Defendants' Products contain "citric acid" and/or "ascorbic acid"—two well-known

preservatives used in food products.

3.       As a result of their deceptive conduct, Defendants are, and continue to be,

unjustly enriched at the expense of their consumers.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the

proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100

members of the putative class, and at least one class member is a citizen of a state different than

Defendants.

5.      This Court has personal jurisdiction over Defendant PepsiCo, Inc. and Defendant

PAI Partners, Inc. ("Defendants") because Defendants maintain their principal place of business

in New York. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims

occurred in New York, including Plaintiff's purchase of the Products.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because

Defendant PepsiCo, Inc. resides in this District and Defendant PAI Partners, Inc., also resides in

New York.

## PARTIES

7.      Plaintiff Tiffany Taylor is a citizen of New York, who resides in Queens, New York. Plaintiff purchased most of the Defendants' Products (including, but not limited to, Defendants' Sparkling Blackberry bottles and cans) for her personal use on various occasions within the applicable statute of limitations, with her most recent purchases taking place on or about July of 2022. Plaintiff Taylor made these purchases from various grocery stores located in Queens, New York. Prior to making her purchases, Plaintiff Taylor saw that the Products were labeled and marketed as containing "No Preservatives." Plaintiff Taylor relied on Defendants' representations when she decided to purchase the Products over comparable and less expensive sparkling drinks. Plaintiff saw those representations prior to and at the time of her purchases and understood them as a representation and warranty that the Products did not contain any preservatives. Plaintiff Taylor relied on these representations and warranties in deciding to purchase the Products. Accordingly, those representations and warranties were part of the basis of her bargains, in that she would not have purchased the Products on the same terms had she known that those representations were not true. In making her purchases, Plaintiff Taylor paid a substantial price premium due to the false and misleading "No Preservatives" claims. Plaintiff Taylor, however, did not receive the benefit of her bargains because the Products were not, in fact, preservative-free because they contained one or two well-documented preservatives: citric acid and ascorbic acid.

8.      Defendant PepsiCo, Inc. ("PepsiCo") is a corporation organized under the laws of North Carolina with its headquarters at 700 Anderson Hill Road, Purchase, New York 10577.

9.      Defendant PAI Partners, Inc. ("PAI Partners") is a Delaware corporation with its principal place of business located at 130 6th Avenue, New York, NY 10019.

3

10.     On or about March of 2022, Defendant PepsiCo entered into a joint venture with Defendant PAI Partners (the "Tropicana JV") where PepsiCo sold a line of its juice brands, including the Izze Products, to Defendant PAI Partners for approximately $3.5 billion in cash while retaining a 39% non-controlling interest.[2] As part of the Tropicana JV, Defendant PepsiCo acts as the "exclusive distributor for Tropicana JV's portfolio of brands" in the US.[3] Defendant PepsiCo also entered into a "transition services agreement" to help "facilitate and orderly transition of the business" to PAI Partners.[4]

11.     At all relevant times herein, Defendants PepsiCo and PAI Partners acted collectively or as authorized agents of each other in formulating, manufacturing, advertising, and/or selling the Products as part of the Tropicana JV.

## GENERAL ALLEGATIONS

### *Overview of Defendant's False Preservative Claims*

12.     Defendants advertise and display on the front labels of the Products that they contain "No Preservatives," thereby misleading reasonable consumers into believing that the Products are free from preservatives. However, the Products contain well-known and well-documented preservatives: citric acid and/or ascorbic acid.  Defendants' most recent labeling of the Products, along with their respective ingredient panels, are depicted below:

//

//

//

---

[2]PepsiCo, Inc., *Quarterly Report* (Oct. 11, 2022) at pg. 28,
https://www.sec.gov/Archives/edgar/data/77476/000007747622000052/pep-20220903.htm
[3] *Id.*
[4] *Id.* at pg. 29.



| CANS | BOTTLES |
| --- | --- |
| **SPARKLING BLACKBERRY** | **SPARKLING BLACKBERRY** |
| FRUIT JUICE BLEND (FILTERED WATER, GRAPE, APPLE, BLACKBERRY, LEMON AND RASPBERRY JUICE CONCENTRATES), SPARKLING WATER, **CITRIC ACID**, NATURAL FLAVOR, RED GRAPE JUICE CONCENTRATE (COLOR), **ASCORBIC ACID** (VITAMIN C), NIACINAMIDE, PYRIDOXINE HYDROCHLORIDE (VITAMIN B6) | SPARKLING WATER, APPLE JUICE CONCENTRATE, WHITE GRAPE JUICE CONCENTRATE, NATURAL FLAVOR, BLACKBERRY JUICE CONCENTRATE, RASPBERRY JUICE CONCENTRATE, **CITRIC ACID**, RED GRAPE JUICE CONCENTRATE (COLOR). |
| **SPARKLING GRAPEFRUIT** | **SPARKLING GRAPEFRUIT** |
| FRUIT JUICE BLEND (FILTERED WATER, APPLE, WHITE GRAPE, ORANGE, GRAPEFRUIT AND ACEROLA JUICE CONCENTRATES), SPARKLING WATER, **CITRIC ACID**, NATURAL FLAVOR, GUM ARABIC, RED RADISH JUICE, **ASCORBIC ACID** (VITAMIN C), NIACINAMIDE, PYRIDOXINE HYDROCHLORIDE (VITAMIN B6) | FRUIT JUICE BLEND (FILTERED WATER, APPLE, WHITE GRAPE, ORANGE AND GRAPEFRUIT JUICE CONCENTRATES), SPARKLING WATER **CITRIC ACID**, NATURAL FLAVOR GUM ARABIC RED RADISH JUICE (COLOR) |
| **SPARKLING CLEMENTINE** | **SPARKLING CLEMENTINE** |
| FRUIT JUICE BELND (FILTERED WATER, APPLE, WHITE GRAPE, ORANGE, CLEMENTINE AND ACEROLA JUICE CONCENTRATES), SPARKLING WATER, **CITRIC ACID**, GUM ARABIC, NATURAL FLAVOR, BETA CAROTENE (COLOR), **ASCORBIC ACID** (VITAMIN C), NIACINAMIDE, PYRIDOXINE HYDROCHLORIDE (VITAMIN B6). | FRUIT JUICE BLEND (FILTERED WATER, APPLE, WHITE GRAPE, ORANGE AND CLEMENTINE JUICE CONCENTRATES), SPARKLING WATER, **CITRIC ACID**, GUM ARABIC, NATURAL FLAVOR, BETA CAROTENE (COLOR). |
| **SPARKLING POMEGRANATE** | **SPARKLING POMEGRANATE** |
| FRUIT JUICE BLEND (FILTERED WATER, APPLE, WHITE GRAPE, ORANGE, GRAPEFRUIT AND ACEROLA JUICE CONCENTRATES), SPARKLING WATER, **CITRIC ACID**, NATURAL FLAVOR, GUM ARABIC, RED RADISH JUICE, **ASCORBIC ACID**, NIACINAMIDE AND PYRIDOXINE HYDROCHLORIDE. | FRUIT JUICE BLEND (FILTERED WATER, APPLE, WHITE GRAPE, CLARIFIED PINEAPPLE, CRANBERRY AND POMEGRANATE JUICE CONCENTRATES), SPARKLING WATER, NATURAL FLAVOR, **CITRIC ACID**, FRUIT AND VEGETABLE JUICE (COLOR). |
| **SPARKLING APPLE** | **SPARKLING APPLE** |
| FRUIT JUICE BLEND (FILTERED WATER, APPLE, WHITE GRAPE AND ACEROLA JUICE CONCENTRATES), SPARKLING WATER, | SPARKLING WATER, APPLE JUICE CONCENTRATE, GRAPE JUICE CONCENTRATE, NATURAL FLAVOR, **CITRIC ACID**. |

| | |
|---|---|
| NATURAL FLAVOR, **ASCORBIC ACID**, **CITRIC ACID**, NIACINAMIDE AND PYRIDOXINE HYDROCHLORIDE (VITAMIN B6). | |
| **SPARKLING PEACH**<br><br>SPARKLING WATER, APPLE JUICE CONCENTRATE, WHITE GRAPE JUICE CONCENTRATE, PEACH JUICE CONCENTRATE, NATURAL FLAVOR, **CITRIC ACID**, GUM ARABIC, BETA CAROTENE (COLOR), RED RADISH JUICE CONCENTRATE (COLOR). | **SPARKLING PEACH**<br><br>FRUIT JUICE BLEND (FILTERED WATER, APPLE, WHITE GRAPE AND PEACH JUICE CONCENTRATES), SPARKLING WATER, **CITRIC ACID**, NATURAL FLAVOR, GUM ARABIC, BETA CAROTENE (COLOR), RED RADISH JUICE CONCENTRATE (COLOR). |
| **SPARKLING BLACKBERRY LEMONADE**<br><br>SPARKLING WATER, APPLE JUICE CONCENTRATE, GRAPE JUICE CONCENTRATE, CLARIFIED LEMON JUICE CONCENTRATE, NATURAL FLAVORS, **CITRIC ACID**, BLACKBERRY JUICE CONCENTRATE. | |

13.     The FDA defines a chemical preservative as "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. §101.22(a)(5).

14.     The FDA also classifies and identifies citric acid and ascorbic acid as preservatives in its Overview of Food Ingredients, Additives, and Colors, on the FDA's website and provides examples of how citric acid and ascorbic acid are used as preservatives in beverages.[5]

15.     The FDA's view of this matter is further bolstered by a Warning Letter that it sent to Chiquita Brands International, Inc., indicating that Chiquita's "Pineapple Bites" products were

---

[5] https://www.fda.gov/food/food-ingredients-packaging/overview-food-ingredients-additives-colors (last accessed November 30, 2022)

misbranded within the meaning of section 403(k) of the Food, Drug, and Cosmetic Act, 21

U.S.C. § 343(k), because "they contain the chemical preservatives ascorbic acid and citric acid

but their labels fail to declare these preservatives with a description of their functions."[6]

16.    Citric acid functions in beverages as a preservative by serving as an acidulant and

as an indirect antioxidant. Citric acid infiltrates and weakens or kills microorganisms through

direct antimicrobial effect, lowering a juice product's pH level, thereby combatting and

sequestering microorganisms. Citric acid serves these functions regardless of whether it is being

added as a flavoring agent.[7]

17.    Industry participants also recognize that citric acid functions as a preservative. For

example, one food additives supplier states: "Citric acid is the most commonly used acidulant in

the industry. As a food additive or food grade product, citric acid is used as a flavoring and

preservative. The buffering properties of citrates are used to control pH and flavor."[8]

18.    Based on the foregoing, Defendants' use of citric acid in their Products renders

their "No Preservatives" representation false and misleading. This is true even if Defendants'

subjective intention was to add citric acid to impart taste/tartness to the Products—a statement

that some manufacturers have recently added to their labeling as a pretext, but that is entirely

missing on the Products' labeling.[9] This conclusion is buttressed by the fact that citric acid can

---

[6] FDA, *Warning Letter to Chiquita Brands International, Inc. and Fresh Express Incorporated* (Oct. 6, 2010), available at
https://wayback.archiveit.org/7993/20170112194314/http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2010/ucm228663.htm (last accessed November. 30, 2022)
[7] Deman, John M. "Acids as food additives serve a dual purpose, as acidulants and as preservatives." *Principles of food chemistry.* AVI Publishing Co., Inc., 1999, p. 438.
[8] FBC Industries, Inc., *Citrates*, https://fbcindustries.com/citrates/ (last accessed November 30, 2022).
[9] Although Defendant indicates on its Amazon page that the Products citric acid ingredient is only "added for taste/tartness and not added for preserving the beverage" that statement was entirely missing in its previous listings on that same page, including as recently as April of 2022.

function as a preservative even when it is used only in trace amounts.[10]

19.     To make matters worse, Defendants also use ascorbic acid in most of the Products' cans.[11] Ascorbic acid is a chemically modified form of vitamin C, which, pursuant to FDA regulations, is commonly used in foods as a preservative. 21 C.F.R. § 182.3013.

20.     Ascorbic acid, like citric acid, functions as an antioxidant that helps prevent microbial growth and oxidation in food products, thereby preserving their color and freshness. Although Defendants identify ascorbic acid as a source of vitamin C, they do so within the ingredient list of the Products rather than their nutritional facts panel—thus falling outside the ambit of FDA regulations. 21 C.F.R. § 101.9(c)(8)(v).

21.     The FDA also regulates the use of ascorbic acid in the formulation of wine and juice "to prevent oxidation of color and flavor components of juice," and it "may be added to grapes, other fruit (including berries), and other primary wine making materials or to the juice of such materials." 27 C.F.R. § 24.246.

22.     Tellingly, all of the Products that contain ascorbic acid also list "white grape juice," along with other berry juices. Based on industry standards, therefore, it is likely that Defendant added ascorbic acid to the Products to prevent their "oxidation of color and flavor"— something which happens so often to these juice products, that it prompted the FDA to promulgate the pertinent preservatives regulations set forth above. *Id.*

23.     Furthermore, ascorbic acid, like citric acid, can have preservative effects even

---

Compare https://www.amazon.com/Sparkling-Juice-Flavor-Variety-Count/dp/B00XA0DP86 *with* https://web.archive.org/web/20220406180612/https://www.amazon.com/Sparkling-Juice-Flavor-Variety-Count/dp/B00XA0DP86 (last accessed November 30, 2022).
[10] *See* Doores, S., 1993. *Organic acids*. In: Davidson, P.M., et al. (Eds.), *Antimicrobials in Food* CRC Press, pp. 95-136. http://base.dnsgb.com.ua/files/book/Agriculture/Foods/Antimicrobials-in-Food.pdf (last accessed November 30, 2022).
[11] Except its Sparkling Blackberry Lemonade flavor.

when used in low amounts.[12] Based on the foregoing, Defendants' use of ascorbic acid—especially in combination with citric acid—supports the conclusion that the Products indeed contain preservatives.

24.    In any event, even if the Products' citric acid and/or ascorbic acids do not, in fact, function as a preservative in the Products, they nonetheless qualify as preservatives given that they have the capacity or tendency to preserve food products. *See* 21 C.F.R. §101.22(a)(5) (defining preservatives as "any chemical that, when added to food, *tends* to prevent or retard deterioration,") (emphasis added); *see also* Merriam-Webster's Dictionary (defining "preservative" as "something that preserves or has the power of preserving.")[13]; Oxford English Dictionary (defining "preservative" as "[t]ending to preserve or capable of preserving") (emphasis added).[14]

### *Defendants Capitalize on Consumer's Demand for Preservative-Free Foods*

25.    By representing the Products have "No Preservatives," Defendants seek to capitalize on consumers' preference for less processed products with no preservatives. Indeed, "foods bearing 'free-from' claims are increasingly relevant to Americans, as they perceive the products as closely tied to health …84 percent of American consumers buy free-from foods because they are seeking out more natural or less processed foods. In fact, 43 percent of consumers agree that free-from foods are healthier than foods without a free-from claim, while another three in five believe the fewer ingredients a product has, the healthier it is (59 percent).

---

[12] *Id.*
[13] *Preservative*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/preservative?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last accessed November 30, 2022).
[14] *Preservative*, American Heritage Dictionary, https://ahdictionary.com/word/search.html?q=preservative (last accessed November 30, 2022).

Among the top claims free-from consumers deem most important are trans-fat-free (78 percent) and preservative-free (71 percent)."[15]

26.     According to another study, when consumers were asked to choose a product that was the closest to their understanding of what "natural" means on product labels, they often chose products with "No Preservatives" labels.[16]

27.     The global sale of healthy food products is estimated to be $4 trillion dollars and is forecasted to reach $7 trillion by 2025.[17] Based on the foregoing, consumers are willing to purchase and pay a premium for healthy non-preservative food items like the Products.

28.     Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the proposed class members who suffered an injury in fact and lost money or property as a result of Defendant's deceptive conduct.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3). Specifically, the Classes are defined as:

> **Nationwide Class:** All persons in the United States who, during the maximum period of time permitted by law, purchased Defendants' Products primarily for personal, family or household purposes, and not for resale.

---

[15] *See, Free-From Food Trends - US - May 2015*, MINTEL https://www.mintel.com/press-%20centre/food-and-drink/84-of-americans-buy-free-from-foods-because-they-believe-them-to-be-more-natural-or-less-processed (last accessed November 30, 2022).

[16] Sajida Rahman, et al., Assessing consumers' understanding of the term "Natural" on food labeling, Journal of Food Science, Vol. 85, No. 6, 1891-1896. (2020).

[17] Global Wellness Institute, *The Global Wellness Economy Stands at $4.4 Trillion Amidst the Disruptions of COVID-19; Is Forecast to Reach $7 Trillion by 2025*, https://www.hospitalitynet.org/news/4108643.html (last accessed November 30, 2022).

**New York Subclass:** All persons residing in New York who, during the maximum period of time permitted by the law, purchased Defendants' Products primarily for personal, family or household purposes, and not for resale.

30.    The Classes do not include (1) Defendants, their officers, and/or its directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

31.    Plaintiff reserves the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

32.    ***Community of Interest***: There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

33.    ***Numerosity***: While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Classes number in the millions. The precise number of the members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

34.    ***Existence and predominance of common questions of law and fact***: Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individuals of the Classes. These common legal and factual questions include, but are not limited to:

(a)    The true nature and presence of preservatives in the Products;

(b)    Whether the marketing, advertising, packaging, labeling, and other promotional

materials for the Products are deceptive;

(c)     Whether Defendants fraudulently induced Plaintiff and the members of the Classes into purchasing the Products;

(d)     Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendant's actions and the amount thereof;

(e)     Whether Plaintiff and the members of the Classes are entitled to statutory damages;

(f)     Whether Plaintiff and the members of the Classes are entitled to attorney's fees and costs.

35.     *Typicality:* The claims of the named Plaintiff are typical of the claims of other members of the Classes in that the named Plaintiff was exposed to Defendants' false and misleading marketing, purchased Defendants' Products, and suffered a loss as a result of those purchases.

36.     *Adequacy*: Plaintiff will fairly and adequately represent and protect the interests of the Classes as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Classes because she has no interests which are adverse to the interests of the members of the Classes. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained skilled and experienced counsel.

37.     Moreover, the proposed Classes can be maintained because they satisfy both Rule 23(a) and 23(b)(3) because questions of law or fact common to the Classes predominate over any questions effecting only individual members and that a Class Action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a)     The expense and burden of individual litigation makes it economically unfeasible for members of the Classes to seek to redress their claims other than through the procedure of a class action;

(b)     If separate actions were brought by individual members of the Classes, the resulting duplicity of lawsuits would cause members of the Classes to seek to redress their claims other than through the procedure of a class action; and

(c)     Absent a class action, Defendants likely will retain the benefits of their wrongdoing, and there would be a failure of justice.

## CAUSES OF ACTION

### COUNT I
**Violation of State Consumer Protection Statues[18]**
**(On Behalf of Plaintiff and the Nationwide Class)**

38.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

39.     The Consumer Protection Statutes of the Nationwide Class members prohibit the

---

[18] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code. Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.;  Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann.,

14

use of deceptive, unfair, and misleading business practices in the conduct of trade or commerce.

40.     By the acts and conduct alleged herein, Defendants engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the packaging of the Products that they contain "No Preservatives." Despite that representation, however, the Products contain well-documented preservatives: citric acid and/or ascorbic acid.

41.     The foregoing deceptive acts and practices were directed at consumers.

42.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

43.     As a result of Defendants' deceptive practices, Plaintiff and the Nationwide Class members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendants' misrepresentations.

44.     On behalf of herself and the Nationwide Class members, Plaintiff seeks to recover their actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
### Violation of New York G.B.L. § 349
### (On Behalf of Plaintiff and the New York Subclass)

45.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

46.     New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

---

Bus. & Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

47.     In its sale of Products throughout the state of New York, at all relevant times herein, Defendants conducted business and trade within the meaning and intendment of New York's General Business Law § 349.

48.     Plaintiff and the New York Subclass members are consumers who purchased the Products from Defendants for their personal use.

49.     By the acts and conduct alleged herein, Defendants engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the packaging of the Products that they contain "No Preservatives." Despite that representation, however, the Products contain well-documented preservatives: citric acid and/or ascorbic acid.

50.     The foregoing deceptive acts and practices were directed at consumers.

51.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

52.     As a result of Defendants' deceptive practices, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendants' misrepresentations.

53.     On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

### COUNT III
### Violation of New York G.B.L. §350
### (On Behalf of Plaintiff and the New York Subclass)

54.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

55.     New York's General Business Law § 350 prohibits false advertising in the conduct

of any business, trade, or commerce.

56. Defendants violated New York General Business Law § 350 by representing on the packaging of the Products that they contain "No Preservatives." Despite that representation, however, the Products contain well-documented preservatives: citric acid and/or ascorbic acid.

57. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

58. Defendant's misrepresentations have resulted in consumer injury or harm to the public interest.

59. As a result of Defendants' false advertising, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendants' misrepresentations.

60. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c)     For compensatory, statutory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief; and

(f)     For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.


Dated December 1, 2022                                    Respectfully submitted,

                                                         **GUCOVSCHI ROZENSHTEYN, PLLC**

                                                         By:  /s/ Adrian Gucovschi
                                                                 Adrian Gucovschi, Esq.

                                                         Adrian Gucovschi
                                                         630 Fifth Avenue, Suite 2000
                                                         New York, NY 10111
                                                         Tel: (212) 884-4230
                                                         adrian@gr-firm.com

                                                         **BURSOR & FISHER, P.A**
                                                         Frederick J. Klorczyk III
                                                         888 Seventh Avenue
                                                         New York, NY 10019
                                                         Tel: (646) 837-7150
                                                         E-Mail: fklorczyk@bursor.com

                                                         *Counsel for Plaintiff and the Classes*